No. 5014.

(Court of Appeal, Parish of Orleans.)

## UNION MUTUAL FIRE INS. CO. OF CINCINNATI, O. (James B. Swing, Trustee) vs. THE STANDARD GUANO & CHEMICAL MFG. CO.

H. M. Ansley attorney.

Hall & Monroe for plaintiff and appellant.

Fenner, Henderson & Fenner for appellee.

Carroll, Henderson & Carroll for appellee.

GODCHAUX, J.—We quote from the brief of defendant and appellee as follows:

"The substantial allegations are as follows:

"That the defendant is a corporation domiciled here; that the plaintiff is the duly appointed Trustee of the Union Mutual Fire Insurance Company, an Ohio corporation; that the plaintiff company issued a policy of fire insurance to defendant on May 1, 1890, for $3,000.00, on which the annual premium was $90.00; that the policy terminated on December 19, 1890, by reason of the disincorporation of said fire insurance company.

"That the laws of Ohio provide as follows:

" 'Every person who effects insurance in a mutual

company and continues to be insured, and his heirs, executors, administrators and assigns, shall thereby become members of the company during the period of insurance, shall be bound to pay for losses, and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability.'

"That the assessments above referred to were made for certain periods, some of which embraced the period during which the policy in question was in force.

"To this petition defendant filed first an exception of no cause of action and afterwards a plea of prescription, both of which were maintained by the District Court, and plaintiff has appealed from the judgment rendered dismissing the suit."

To this statement there may be added that the present suit is one for the enforcement of defendant's liability for this assessment, the amount of which, as well as the mode in which this amount is calculated, are fully set out in the petition.

## I.

The first point upon which the exception of no cause of action is based is that there is no allegation in the petition that any debts are due by the defunct company necessitating that an assessment be made.

This contention is not well founded, for there is attached to the petition, and expressly made part thereof, the decree of the Supreme Court of Ohio, wherein not only is there a finding to the effect that debts exist, but, also, a statement giving the nature and amount of these debts in detail. Upon the consideration of a plea of no cause of action the Court must look not only to the averments of the petition, but also must examine all the facts

appearing in exhibits which are expressly made part of the petition.

## II.

The second ground of the exception of no cause of action is stated in the following language in appellee's brief:

"The ground upon which recovery is sought from the defendant is that a law of the State of Ohio provides that holders of policies in insurance companies of the character of plaintiff shall be bound to pay for losses and such necessary expenses as are incurred during the life of the policy, in proportion to the original amount of the insured's deposit note or contingent liability. The entire cause of action, therefore, rests upon this law of the State of Ohio. It is not alleged that the contract of fire insurance made with defendant was executed in the State of Ohio, nor that the laws of Ohio were made a part of the contract."

This contention is likewise not well founded. There is an allegation that the plaintiff is a mutual insurance company, and a further allegation that the defendant is a policy-holder therein. Excepting the common ordinary meaning of the two terms, "mutual insurance company" and "policy-holder therein," it follows that the defendant is a member of the company.

"**Mutual Insurance.** That form of insurance in which each person insured becomes a member of the company, and the members reciprocally engaged to indemnify each other against losses, any loss being met by an assessment laid upon all the members."

**Black's Law Dict., p. 796.**

"The principle which lies at the foundation of

— 487 —

mutual insurance, and gives it its name, is mutuality; in other words, the intervention of each person insured in the management of the affairs of the company, and the participation of each member in the profits and losses of the business, in proportion to his interest. Each person insured becomes a member of the body corporate, clothed with the rights and subject to the liabilities of a stockholder.''

### May on Insurance, Vol. II, p. 1280.

The defendant, being a member or stockholder of a mutual company, organized under the laws of Ohio, no authority need be cited to sustain the proposition that the relation between the defendant and the company is governed by the laws of that State. Consequently, whether the contract of insurance was entered into in Louisiana or in Ohio, it follows, as a matter of law, that the statute of the latter State, which is quoted in plaintiff's petition, controls, and that there was no necessity whatever for an allegation to the effect that such statute was made part of the insurance contract.

### III.

The plea of prescription can only be upheld if, on the face of the papers, it affirmatively appears that defendant's liability for the assessment is prescribed by the ten years' limitation. It is defendant's contention that in as much as the policy expired on December 19, 1890, plaintiff's obligation to pay the assessment then and there arose, while the present suit was not filed until September, 1903. The error in this position lies in erroneously assuming that the assessment debt became demandable before the necessity of such an assessment being levied was determined and before the amount of such levy was fixed. In the present instance, the authority in control of the affairs of the defunct company was the Ohio court,

and it is alleged in the petition that the necessity for the levy of an assessment owing to the existence of debts as well as the amount of this levy based upon the extent of the indebtedness were not finally determined by the Ohio Court until June 11, 1901. Consequently, it was not until this date that plaintiff's cause of action to demand of defendant performance of the latter's obligation arose. Prior to that time defendant's obligation was contingent and not absolute, nor could performance be demanded.

**Code of Practice, Chap. I, pp. 6 and 7; Swing vs. Brister, 87 Miss. 516-531; 40 S. 146.**

The case of **Swing vs. Brister, supra,** is similar to the present one, and the present plaintiff was there seeking to recover from a resident of Mississippi a similar assessment as is being sought to be recovered here of defendant; and the Supreme Court of Mississippi held that the statute of limitation did not begin to run until the assessment had been levied. We know of no principle in our Code, nor in our jurisprudence, under which a debt can be held to be prescribed before it became demandable.

Neither the plea nor the cause of action nor that of prescription is well founded, and accordingly the judgment of the lower Court sustaining said plea is reversed, and the case is remanded to be proceeded with according to law, the defendant and appellee to pay the costs of appeal and those of the lower court to await the final determination of the case.

Reversed and remanded.